56 F.3d 61
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Alfred FRACTION, Plaintiff-Appellant,
v.
Bishop L. ROBINSON; Merry Copelin; Robert Harleston;
Lewis Williams; Ralph Logan; Major Green; Lenny Vann,
Lieutenant; R. Dennis, Lieutenant; B. Brimer, Sergeant;
Darren Evans, Correctional Officer II; H.T. Evans,
Correctional Officer II; E. Trader, Correctional Officer
II; T. Long, Correctional Officer II; M. Czapkiewcz,
Correctional Officer II; M. Coulbourne, Correctional
Officer II; C. Laird, Correctional Officer II; R. Moses,
Correctional Officer II; Captain Ritchey, Defendants-Appellees,
and
William Donald SCHAEFER, Governor; Marvin N. Robbins;
Kenneth Taylor; R. Austin, Correctional Officer II; Harry
Edwards, Trooper; Carla Witcher; H.J. Griffith,
Correctional Officer III; Sergeant Helman; J.R. White;
M.J. Church; Jane Doe, Nurse; Floyd K. Warren; Sean
Jackson, Defendants.
 No. 95-6050.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 20, 1995.
Decided May 25, 1995.
 
 Alfred Fraction, appellant pro se. Glenn William Bell, Office of the Attorney General of Maryland, Baltimore, MD, for appellees.
 Before WIDENER, WILKINSON, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Alfred Fraction appeals from the magistrate judge's[1] order denying relief on his 42 U.S.C. Sec. 1983 (1988) complaint. We have reviewed the record and the magistrate judge's opinion, and find no reversible error.
 
 
 2
 Fraction, a Maryland prisoner, alleged several grounds for relief associated with an incident wherein he received injuries in an altercation with corrections officers. After a bench trial, the magistrate judge made the following findings: On the date of the incident, Fraction was extremely upset over some housing and disciplinary problems he was having at the prison; Fraction left his cell intent on finding an officer to whom he could register a complaint; Fraction disobeyed at least five orders to stop and return to his cell; an officer attempted to restrain Fraction, and Fraction did not submit to the officer's attempt to restrain him, and he hit this officer in the face causing a serious facial cut that required stitches; Fraction was then tackled by another officer and a struggle ensued; approximately eleven officers responded to a radio call for help; many assisted in restraining Fraction as he struggled on the ground; and, Fraction was eventually subdued and carried to the infirmary where he was treated for several facial bruises.
 
 
 3
 We reject Fraction's claim that he was subjected to excessive force during this incident because the magistrate judge's findings of fact are not clearly erroneous. Further, those findings support the legal conclusion that the use of force was necessary, the amount of force used and the injuries received were minor under the circumstances, and the force was applied in a good faith effort to maintain and restore discipline. See United States v. Cobb, 905 F.2d 784, 789 (4th Cir.1990) (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033 (1973)).
 
 
 4
 Fraction also alleged that the officers falsified their reports of this incident and thereby denied him access to the courts, that his due process rights were violated at a subsequent disciplinary hearing, and that a nurse in the medical unit was deliberately indifferent to his medical needs. We find no merit to these allegations and affirm the grant of summary judgment on the reasoning of the magistrate judge.
 
 
 5
 We, accordingly, affirm the judgment of the magistrate judge. Fraction v. Robinson, No. CA-92-1423-N (D. Md. Dec. 14, 1994).[2] Because the appeal presents no complex issues, we deny Fraction's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Both parties consented to jurisdiction of the magistrate judge. 28 U.S.C. Sec. 636(c) (1988)
 
 
 [2]
 The magistrate judge incorrectly cited Fed.R.Civ.P. 4(j) as the ground for dismissal of Fraction's claim against an unidentified defendant. Although the magistrate judge cited the wrong rule, we note that this claim was properly dismissed under Fed.R.Civ.P. 4(m)